(20 Misc. Rep. 357.)

### BLADSWORTH v. ROSENBLATT.

(Supreme Court, Appellate Term.   May 27, 1897.)

CONTRACTS—INDEPENDENT PROVISIONS.

A contract of sale required the buyer to pay for the goods in installments of one-sixth of the agreed price at periods of 30 days, and provided that if, at the end of 2 years, the buyer had not received on resales of the goods as much as he had paid the seller, then the seller would take back the unsold goods and pay the difference. *Held*, that such provisions of the contract were independent, and therefore the seller was entitled to recover each installment of the price at the specified times of payment.

Appeal from Fourth district court.

Action by Jessie S. Bladsworth against Benjamin Rosenblatt. There was a judgment in favor of plaintiff, and defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Otto Kempner, for appellant.
Julius Lehman, for respondent.

BISCHOFF, J.   The defendant purchased a quantity of dress patterns from the plaintiff, whose business was conducted under the name of "The Bazaar Glove-Fitting Pattern Company," the contract of purchase calling for payment of one-sixth of the agreed price at periods of 30 days.   This contract was expressed in the form of a letter to the plaintiff's business house, and referred to terms and conditions printed upon the back of the paper; the form being a printed one furnished by the plaintiff, with blank spaces upon which were written the terms of payment, the signature of the applicant for the goods, and the signature of the "company" to an acceptance of the order.   In the course of the conditions and regulations, as expressed, the party ordering goods was referred to as "agent," but this agency extended no further than to enable the purchaser to obtain prices which were less than those paid by the public generally; and, in recognition of the fact that the buyer's intention was to sell the goods to others, a further inducement was offered in the following words:

"We give the following guaranty against loss to all our agents: If at the end of two years after the date of contract your pattern department has not paid you (that is, if you have not received as much money from the sale of patterns as you have paid us for patterns), we will take back all the patterns you have on hand, bought from us, and send you our check for the difference."

The defendant failed to make payments for the patterns received by him as agreed, and this action was brought to recover the contract price of the goods. It is admitted that two years had not elapsed between the date of the agreement and the commencement of the action, and a counterclaim was interposed for the value of the goods unsold by the defendant, and remaining in his hands. While there was some evidence that the parties had entered into negotiations touching an extension of time for the defendant's payment, it was satisfactorily made to appear that the defendant had abandoned his attempt to secure the extension, and had expressed himself as prepared to abide by the contract. Judgment was rendered for the plaintiff, and, in our view, correctly.

The appellant contends that this contract, being one for "sale and return" (3 Am. & Eng. Enc. Law, p. 433), did not give the vendor a right of action until the time within which the return could be made had expired, but clearly the position is untenable. As expressed, the provisions of this agreement were independent, but the purchaser's obligation of payment arose at a period precedent to the seller's obligation to accept the return at the later date named. For a breach of the distinct agreement to pay at the time stated, the seller had a cause of action, independent of the condition for return, which operated in favor of the purchaser after the sale (dependent upon payment) had been completed; but the purchaser could not postpone the date of payment to the ultimate date of return, since the contract was otherwise. The condition for return, being independent, subsisted, it might be said, notwithstanding the failure of payment at the exact time specified, if payment were finally made before the date stated for the return; but the conditions were, at least, so far distinct as to enable the seller to maintain an action for the purchase price when the indebtedness accrued, for this is the clear purport of the agreement.

Judgment affirmed, with costs. All concur.